UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL PLAYER,<br><br>        Plaintiff,<br><br>    v.<br><br>B. JOHNSON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01312-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED ON CLAIMS FOUND TO BE COGNIZABLE and DISMISSAL OF CERTAIN CLAIMS<br><br>(Doc. 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.     Findings and Recommendations**

Plaintiff Lavell Player ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on January 23, 2007, in the Northern District of California. (Doc. 1.) Plaintiff's case was transferred to the Eastern District of California on September 12, 2007. (Id.) Plaintiff filed a first amended complaint on January 7, 2008. (Doc. 11.) On November 6, 2008, the Court ordered that Plaintiff either file a second amended complaint or notify the Court of willingness to proceed only on claims found to be cognizable. (Doc. 12.) Plaintiff filed a second amended complaint on December 9, 2008. (Doc. 13.) Plaintiff's second amended complaint is presently before the Court for screening.

    **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Summary of Plaintiff's Second Amended Complaint**

Plaintiff is currently a state prisoner at Kern Valley State Prison in Delano, California. Plaintiff was formerly imprisoned at Corcoran State Prison ("CSP") in Corcoran, California, where the acts he complains of occurred. Plaintiff names the following defendants: Correctional officers B. Johnson and Proulx; chief deputy warden L. Watson, captain M. Miller; captain IA S. Fields; CC II G. Rangel; Lieutenant J. Kavanaugh; and D. Oftedhal, classification service representative at Delano state prison. Plaintiff also names R. Campbell in the body of his complaint.

Plaintiff alleges the following. On January 17, 2006, during chow release, Plaintiff and defendant C/O B. Johnson exchanged verbal insults. (Doc. 13, p. 4:1-5.) Defendant Johnson

ordered all inmates to get down. (Id., p. 4:7-10.) Plaintiff was then placed in an arm lock and escorted from the building by defendants C/O Proulx and Johnson. (Id., p. 4:10-18.) While escorting Plaintiff, defendant Johnson without provocation launched Plaintiff headfirst into the pavement, resulting in impact to the left side of Plaintiff's head, shoulder, and knee. (Id., p. 4:19-25.) Defendant Johnson declared that Plaintiff had threatened Johnson and escorted Plaintiff to the clinic. (Id., p. 4:25-28.)

Defendant Lieutenant Kavanaugh witnessed this incident occur because he was supervising over an unrelated disturbance. (Id., p. 5:1-5.) He assisted defendant Johnson and Proulx in placing Plaintiff in a holding cage by holding the door. (Id., p. 5:5-6.) Plaintiff was asked by defendant Kavanaugh if it was over, Plaintiff responded yes, and was released back to his cell. (Id., p. 5:7-10.) Later that evening, Plaintiff was placed into administrative segregation unit ("ASU") for threatening staff. (Id., p. 5:11-19.) On January 20, 2006, defendant Captain Miller issued a signed 114-D lock-up order notice for Plaintiff's retention in ASU. (Id., p. 5:20-21.) On January 26, 2006, Plaintiff was summoned to conference room in ad-seg for a video conference regarding alleged excessive force by staff. (Id., p. 5:25-28.) On February 1, 2006, Plaintiff appeared before an institutional classification committee ("ICC") and was retained in ad-seg pending a forthcoming disciplinary hearing. (Id., p. 6:7-12.)

On February 13, 2006, Plaintiff was assigned C/O Campbell as his investigative employee. (Id., p. 6:13-15.) Campbell gave Plaintiff his report, which Plaintiff objected to because Campbell did not interview all the witnesses requested by Plaintiff. (Id., p. 6:15-17.) Campbell stated that he was instructed not to do so by Lieutenant Kavanaugh. (Id., p. 6:17-18.) Plaintiff appeared at his disciplinary hearing on March 1, 2006, and was found guilty of conduct that could lead to violence, which Plaintiff objected to. (Id., p. 7:1-8.) Plaintiff was retained in ad-seg per order of defendant CCII Rangel for threatening staff. (Id., p. 7:9-13.)

On March 8, 2006, Plaintiff made another appearance before an ICC panel composed of defendants Chief Deputy Warden L. Watson, CCII G. Rangel, Captain M. Miller, CC I Felder, and R. Campbell. (Id., p. 7:14-16.) Plaintiff contended that he was being held in ad-seg on

trumped up charges in retaliation for Plaintiff filing staff misconduct charges against defendant C/O B. Johnson. (Id., p. 17-22.) On April 3, 2006, before another ICC panel, Plaintiff was informed that he was to be transferred to another institution. (Id., pp. 7:27-8:2.) Plaintiff was released from ad-seg on April 12, 2006 to 3B Corcoran facility, a level 3-custody facility. (Id., p. 8:8-10.) Because Plaintiff is a level 4 custody inmate, Plaintiff would not qualify for any programs and would ultimately be transferred. (Id., p. 8:10-14.) Plaintiff was endorsed for transfer to Calipatria State Prison, a 270 design level 4 facility. (Id., p. 8:22-23.)

On January 17, 2007, Plaintiff was endorsed for transfer to Substance Abuse Treatment Facility by defendant Oftedhal, a 180 lockdown design prison where Plaintiff was not permitted to work or program. (Id., p. 9:11-20.)

Plaintiff seeks monetary damages. (Id., p. 3.)

**C.    Plaintiff's Claims**

    **1.    *Excessive Force***

Plaintiff alleges a violation of the Eighth Amendments arising from the use of force against him. (Doc. 13, p. 11:7-10; p. 12:1-7.)

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal

quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff has stated a cognizable claim for excessive force against defendants B. Johnson and Proulx. Plaintiff does not state a cognizable excessive force claim against defendant Kavanaugh.

### 2. *Medical Treatment*

Plaintiff alleges that defendant Kavanaugh's deliberate indifference following the incident with defendants Johnson and Proulx caused Plaintiff to sustain a permanent scar on the left side of his head, in violation of the Fourteenth and Eighth Amendment. (Doc. 13, pp. 12:26-13:5.) Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a Plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than Fourteenth Amendment governs Plaintiff's claims of excessive force.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,

452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has not sufficiently alleged that defendant Kavanaugh knew of and disregarded an excessive risk to inmate health or safety. In his second amended complaint, Plaintiff states that on January 17, 2006, Kavanaugh held the door of the clinic open for defendants Johnson and Proulx. Plaintiff also alleges that defendant Kavanaugh released Plaintiff to his cell to treat his own injuries instead of ordering that Plaintiff be medically examined. Plaintiff does not sufficiently allege that defendant Kavanaugh knew of and disregarded an excessive risk to Plaintiff's health and safety.

### 3. *Retaliation*

Plaintiff alleges that defendants Watson, Rangel, Fields, Oftedhal and Miller retained Plaintiff in Ad-Seg and subsequently transferred him to a higher custody prison in retaliation for using the grievance system. (Doc. 13, p. 12:21-25.) Plaintiff alleges that defendants Watson, Rangel, , Miller, Felder and R. Campbell were participants in retaining Plaintiff in ad-seg. (Id., p. 7:14-25.) Plaintiff alleges that defendant Oftedhal retaliated against Plaintiff by endorsing

Plaintiff's transfer to CSATF.  (Id., p. 9:5-20.)  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on the allegations, Plaintiff states a cognizable claim against defendants Watson, Rangel, Oftedhal, Miller, Felder and R. Campbell  for retaliation in violation of the First Amendment.  Plaintiff fails to state a cognizable retaliation claim against defendant Fields. Plaintiff alleges no actions by defendant Fields that demonstrate retaliation in violation of the First Amendment.

### 4.  *Conspiracy*

Plaintiff alleges a conspiracy by defendants Johnson, Proulx, and Kavanaugh.  A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).

Plaintiff alleges Kavanaugh covered up Johnson and Proulx's alleged Eighth Amendment violation by writing a false rules violation report. (Doc. 13, p. 12:9-20.) Plaintiff apparently alleges that defendants conspired to mask the use of force after the fact. Such an allegation is insufficient to state a claim for conspiracy, and therefore Plaintiff fails to state a claim upon which relief may be granted.

**II.     Conclusion and Recommendation**

Plaintiff has stated cognizable claims against defendants B. Johnson and Proulx for excessive force in violation of the Eighth Amendment. Plaintiff has also stated a cognizable claim against defendants Watson, Rangel, Oftedhal, Miller, Felder and Campbell for retaliation in violation of the First Amendment. Plaintiff fails to state any cognizable section 1983 claims against defendants Kavanaugh and Fields.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed only on Plaintiff's claims against defendants B. Johnson and Proulx for excessive force in violation of the Eighth Amendment and against defendants Watson, Rangel, Oftedhal, Miller, Felder and Campbell for retaliation in violation of the First Amendment; and

2. Plaintiff's claims against defendants Kavanaugh and Fields be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 30, 2009**         /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE