# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELLE TRYONE PLAYER,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN ADAMS, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:07-cv-01312 OWW DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN TWENTY DAYS WHY DEFENDANT OFTEDHAL SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE<br><br>(Doc. 27)<br><br>TWENTY (20) DAY DEADLINE |

Plaintiff Lavelle Player ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on December 9, 2008. (Doc. 13.) On June 5, 2009, the Court issued an order directing the United States Marshal to initiate service of process on eight defendants. (Doc. 19.) Defendants Campbell, Watson, B. Johnson, Prulx, and G. Rangel have made an appearance in the action. However, the Marshal was unable to locate and serve Defendant Oftedhal, and on September 21, 2009, the Marshal returned the USM-285 form to the Court. (Doc. 27.) Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

///

1

1          In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
2   Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro
3   se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the
4   summons and complaint and ... should not be penalized by having his action dismissed for failure
5   to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker
6   v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th
7   Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the
8   prisoner has furnished the information necessary to identify the defendant, the marshal's failure to
9   effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United
10  States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the
11  Marshal with accurate and sufficient information to effect service of the summons and complaint,
12  the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-
13  22.

14         In this instance, the address provided by Plaintiff for Oftedhal is no longer accurate. (Doc.
15  27.) If Plaintiff is unable to provide the Marshal with current address at which Defendant Oftedhal
16  can be located, this defendant shall be dismissed from the action, without prejudice. Pursuant to
17  Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant
18  Oftedhal should not be dismissed from the action at this time.

19         Accordingly, based on the foregoing, it is HEREBY ORDERED that:

20         1.      Within **twenty (20) days** from the date of service of this order, Plaintiff shall show
21                 cause why Defendant Oftedhal should not be dismissed from this action; and
22         2.      The failure to respond to this order or the failure to show cause will result in a
23                 recommendation that Defendant Oftedhal be dismissed from this action.

25      IT IS SO ORDERED.

26      **Dated:**   **October 13, 2009**              **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE