IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELLE TYRONE PLAYER, | CASE NO. 1:07-cv-01312 OWW DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT FELDER FROM ACTION WITHOUT PREJUDICE |
| vs. | |
| ADAMS, et al., | (Doc. 33) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Lavelle Tyrone Player ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed December 9, 2008. (Doc. 13.) On June 5, 2009, the Court issued an order directing the United States Marshal to initiate service of process on eight defendants. (Doc. 19.) However, the Marshal was unable to locate and serve Defendant Felder, and on October 26, 2009, the Marshal returned the USM-285 forms to the Court.[1] (Doc. 32.) On October 29, 2009, the Court issued an order to show cause within twenty days why defendant Felder should not be dismissed from this action. (Doc. 33.) Plaintiff did not file a response.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] Defendant Oftedhal has also not been served.

1

1 In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by Plaintiff for Defendant Felder is no longer accurate. The USM 285 form indicates that Defendant Felder is no longer employed at Corcoran State Prison. According to the CDC locator, Felder was employed at Ventura Youth Correctional Facility, but no one by that name is employed there. (Doc. 32.) Plaintiff does not provide any additional information.

Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY RECOMMENDED that defendant Felder be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 4, 2010**     /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

2